QUESTION: Whose duty is it to record instruments relating to the probate of decedents' estates in Orange County, where the duties of the clerk of the circuit court have been divided between a clerk of courts and a county comptroller?
SUMMARY: Probate-related instruments and pleadings required to be recorded or entitled to recordation pursuant to s. 732.07, F.S., are to be kept and recorded in separate probate record books kept for that purpose by the clerk of the circuit court and are not to be recorded in the "Official Records" of a county; and it is the duty of the Orange County Clerk of the Circuit Court, rather than the Orange County Comptroller, to keep and record such probate records. Article V, s. 16, State Const., authorizes a division of the duties of a clerk of the circuit court between two officers, one serving as clerk of court, and the other as ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds. Pursuant to this constitutional authorization, the state legislature enacted Ch. 72-461, Laws of Florida, a special law which provides in pertinent part as follows: Section 1. In Orange County there shall be a clerk of the circuit court who shall also be the clerk of the county court. He shall keep the progress dockets for each court in the county, issue or attest all appropriate process, notices, subpoenas and writs, and as to all litigation, proceedings and matters within their respective jurisdictions, maintain the records and files of each of said courts and perform all of the duties formerly performed by their own clerks. He shall perform such additional duties as may be prescribed by law. Section 2. In Orange County there shall be a county comptroller who shall serve as ex officio clerk of the board of county commissioners, recorder, auditor, and custodian of all county funds and of all official records of the board of county commissioners. He shall as county recorder keep the records and perform all of the duties now or hereafter prescribed by law relating to instruments required or authorized by law to be recorded in the public records, including without limitation section 28.222, Florida Statutes (section 2, chapter 71-4). He shall perform such additional duties as may be prescribed by law. Section 3. The provisions of existing law relating to the duties, fees, compensation and method of election of the clerk of the circuit court, and other existing provisions of law applicable to that office, shall in Orange County apply as follows: Those relating to litigation, proceedings and matters within the jurisdiction of the circuit court and other courts of the county shall apply to the clerk of the circuit court, and all others shall apply to the county comptroller, provided, however, any such provisions that may appropriately apply to both of these officers shall be so applied. The significant language in Ch. 72-461, supra, for the purposes of this opinion is found in s. 1, instructing the Orange County Clerk of the Circuit Court to maintain the records and files of the courts "as to all litigation, proceedings and matters within their respective jurisdiction"; in s. 2, requiring the Orange County Comptroller to "keep the records . . . relating to instruments required or authorized by law to be recorded in the public records," and in s. 3, imposing upon the Orange County Clerk of the Circuit Court all the existing duties of a clerk of the circuit court with respect to "litigation, proceedings and matters within the jurisdiction of the circuit court." Matters now "within the jurisdiction of the circuit court" include proceedings relating to the settlement of the estates of decedents and probate matters in general. Article V, s. 20(c)(3), State Const.; s. 26.012(2)(b), F.S. (Probate jurisdiction was formerly exercised by the county judge pursuant to s. 36.01, F.S., repealed by Ch. 72-404, Laws of Florida.) Appurtenant to the exercise of this jurisdiction, s. 732.07, F. S., requires a clerk of the circuit court to keep and record certain records. Subsection 732.07(1) provides that Every clerk of the circuit court shall record, distinctly and at full length, in books kept for that purpose, all wills, testaments and codicils of which probate shall be granted; all letters testamentary and of administration; all bonds of personal representatives (exclusive of supersedeas bonds); all orders and judgments made by [the circuit court]; and all other writings in this law especially required to be recorded. (Emphasis supplied.) This provision appears to require a clerk of the circuit court to keep separate record books and files of probate proceedings, and to record distinctly and at full length therein the documents and pleadings enumerated in the statute. Therefore, pursuant to ss. 1 and 3 of Ch. 72-461, supra, the Orange County Clerk of the Circuit Court rather than the Orange County Comptroller is the proper official to keep and record documents and pleadings enumerated in, and to otherwise specifically comply with, s. 732.07, supra. This results because it is the duty of the Orange County Clerk of the Circuit Court to maintain records and files "as to all litigation proceedings and matters within the circuit court's jurisdiction." The language in s. 2, Ch. 72-461, supra, which makes the Orange County Comptroller the county recorder does not alter the foregoing conclusion, since such language apparently refers to the Orange County Comptroller's duty only as custodian of the "Official Records." As such, he is required to record all instruments entitled by law to be recorded in the public records, including those types of instruments enumerated in s. 28.222, F. S. The Orange County Comptroller's function in this regard is administrative and not judicial. Cf. AGO 073-213. He is not the custodian of court files, the keeper of the court's minute books, s. 28.212, F.S., or, analogously, the keeper of probate records. These are matters concerning proceedings within the circuit court's jurisdiction, and are properly functions of the Orange County Clerk of the Circuit Court. Finally, it should be noted that the fees to be charged for services in connection with filing instruments in probate are set out in s. 28.2401, F.S., the subject matter of which was transferred from s. 36.17, F.S. 1971. Such fees cover the costs of filing and recording probate-related instruments, AGO 072-390, and are the only fees to be charged therefor. Attorney General Opinion 072-327. Subsection 28.2401(3), supra, lists the types of probate-related instruments to be recorded. This list is a substantial duplication of the list set out in s. 732.07(1), supra. I am of the opinion, therefore, that the recording requirement of s. 28.2401(3) refers only to the separate probate records which s. 732.07 requires a clerk of the circuit court to keep and record, and does not require the recordation of such instruments in the "Official Records" of a county.